IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Andrew Wilson,<br><br>    Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>    Respondents. | No. CV-13-0383-PHX-PGR (DKD)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE PAUL G. ROSENBLATT, SENIOR U.S. DISTRICT JUDGE:

    Robert Andrew Wilson filed a Petition for Writ of Habeas Corpus on February 22, 2013, challenging his 1999 conviction for first degree murder and the trial court's imposition of a term of life imprisonment without the possibility of parole. He raises four grounds for habeas relief: (1) the prosecutor withheld exculpatory evidence; (2) Wilson was convicted as a dangerous felon without a jury determination; (3) the trial court improperly instructed the jury on reasonable doubt; and (4) he was never charged by a grand jury with committing a capital offense and thus was illegally detained without bond. Respondents contend that the petition was untimely filed, and that Wilson is not entitled to statutory or equitable tolling. The Court agrees and recommends that the petition be denied and dismissed with prejudice.

**BACKGROUND**

    Following his conviction and sentencing, Wilson appealed and counsel filed an *Anders* brief (Doc. 9, Exh C, D). The Arizona Court of Appeals affirmed his conviction and sentence in 2000, and the Arizona Supreme Court denied review on March 15, 2001 (*Id.*, Exh

F-H). Wilson filed a timely Notice of Post-Conviction Relief; counsel notified the trial court that a review of the file revealed no colorable claims (*Id*., Exh I-K). Although given leave to file a *pro se* petition, Wilson failed to timely file a petition, and the trial court summarily dismissed the post-conviction proceedings on October 24, 2002 (*Id*., Exh L). Wilson filed a Rule 32 petition on October 31, 2002, alleging his sentence was illegal because the judge, not a jury, found the aggravating factors (*Id*., Exh M). The trial court vacated its October 24 Order, ordered a response to the petition, and on February 26, 2003, denied the petition, finding it without merit (*Id*., Exh N-P).

Over eight years later, on June 27, 2011, Wilson filed a second notice and post-conviction petition, alleging the ineffective assistance of counsel, that the trial court lacked jurisdiction, and that his sentence was illegal (*Id*., Exh Q). On August 2, 2011, the trial court ruled that Wilson's claims were untimely and denied relief (*Id*., Exh R). Wilson did not petition for review in the Arizona Court of Appeals (*Id*., Exh S). On February 22, 2013, Wilson filed his habeas petition.

## DISCUSSION

A state prisoner seeking federal habeas relief from a state court conviction is required to file the petition within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The period of limitations is statutorily tolled during the time in which a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" in the State courts. 28 U.S.C. § 2244(d)(2). Following the court of appeals decision affirming Wilson's conviction and sentence, the supreme court denied review on March 15, 2001. Wilson had until June 13, 2001, 90 days from that date, in which to petition the United States Supreme Court for review. The limitations period began to run on that date. Because Wilson's post-conviction proceedings were pending at that time, however, the limitations period was tolled until February 26, 2003, when the trial court denied post-conviction relief and from which Wilson did not petition for

1  review. *See Hemmerle v. Schriro*, 495 F.3d 1069, 1074 n. 4 (9th Cir. 2007). Wilson was
2  required to file his federal habeas petition by February 26, 2004. His federal petition, filed
3  nine years after the expiration of the period of limitations, was untimely. Wilson's second
4  notice of post-conviction relief, filed seven years after the expiration of the one-year
5  limitations period, does not restart the clock. *See Ferguson v. Palmateer*, 321 F.3d 820, 823
6  (9th Cir. 2003).

7  In addition, Wilson is not entitled to equitable tolling. He has not demonstrated that
8  he had been pursuing his rights diligently and the existence of any extraordinary
9  circumstances which prevented him from timely filing his petition. *Pace v. DiGuglielmo*,
10 544 U.S. 408, 418-19 (2005). Wilson gives no explanation why he waited eight years before
11 filing his second post-conviction petition. In addition, he did not file a Reply to the Answer.
12 However, he indicated in his Motion to Withdraw that he had insufficient access to legal
13 materials to enable him to file a Reply within the time allotted. The Court ruled that Wilson
14 did have sufficient access to legal materials, but granted him a 60-day extension in which to
15 file a Reply. A lack of legal sophistication by a pro se petitioner is not, by itself, an
16 extraordinary circumstance warranting equitable tolling. *See Rasberry v. Garcia*, 448 F.3d
17 1150, 1154 (9th Cir. 2006). In any event, it did not prevent him from timely filing his first
18 notice of post-conviction relief and a subsequent *pro per* petition.

19 **IT IS THEREFORE RECOMMENDED** that Robert Andrew Wilson's petition for
20 writ of habeas corpus be **denied and dismissed with prejudice** (Doc. 1).

21 **IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave
22 to proceed *in forma pauperis* on appeal be **denied** because dismissal of the Petition is
23 justified by a plain procedural bar and jurists of reason would not find the ruling debatable.

24 This recommendation is not an order that is immediately appealable to the Ninth
25 Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of
26 Appellate Procedure, should not be filed until entry of the district court's judgment. The
27 parties shall have fourteen days from the date of service of a copy of this recommendation

28

within which to file specific written objections with the Court.  *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure.  Thereafter, the parties have fourteen days within which to file a response to the objections.  Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.  *See* Rule 72, Federal Rules of Civil Procedure.

DATED this 8th day of January, 2014.

_____
David K. Duncan
United States Magistrate Judge